**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: COMMUNITY HEALTH SYSTEMS, INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 2595 |
| This Document Relates to:<br>Maes v. CHS, et al.,<br>United States District Court of New Mexico<br>Case No. 1:14-cv-1090-JB/CG | |

**PLAINTIFF'S OPPOSITION TO CONDITIONAL TRANSFER ORDER**

Plaintiffs, by and through their attorneys Branch Law Firm, file this opposition to the Conditional Transfer Order ("CTO") filed on February 6, 2015, Docket No. 50. Plaintiffs request that the Conditional Transfer Order be stayed until the plaintiffs' motion to remand is decided. In support of their position, plaintiffs submit the following.

**Procedural Background**

*Maes v. CHSPSC et al.* was originally filed in New Mexico state court. Before defendants were served, Defendant CHSPSC filed a notice of removal to federal court. On December 2, 2014, Plaintiffs filed a timely motion to remand this action to the state court of New Mexico. Plaintiffs' motion to remand is fully briefed and a hearing has been set for February 20, 2015, at 1:30 p.m., before the Honorable James O. Browning, United States District Judge. Plaintiffs request that the United States District Court in New Mexico be allowed to decide this motion prior to transferring the case to the MDL in Alabama. If the District Court denies the Plaintiff's' Motion to Remand, Plaintiffs do not object to the transfer of the case to the U.S. District Court for the Northern District of Alabama, Southern Division. However, federal jurisdiction should be determined before the transfer order is entered.

1

**Legal Argument**

The pendency of a conditional transfer order before the Panel "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JPML"), Rule 2.1(d). Thus, because only a conditional transfer order has been filed, the New Mexico District Court retains jurisdiction to decide Plaintiffs' Motion to Remand.

28 U.S.C. §1447(c) directs that "[i]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). Although not directly on point, the reasoning in *Meyers v. Bayer AG*, 143 F.Supp.2d 1044 (E.D.Wis. 2001) is instructive. In *Meyers*, the defendants removed a case to federal court and plaintiffs filed a motion to remand. The *Meyers*' Defendants moved to stay the proceedings in the district court until after the motion to transfer was decided by the JPML. As here, the JPML filed a conditional transfer order while plaintiff's motion to remand was pending.

Most cases in which remand and transfer orders are an issue involve a defense motion to stay the proceedings in the district court until a motion to transfer is decided by the JPML. Here, the defendants have not filed a motion to stay in the district court. Instead, plaintiffs are asking the JPML to stay the transfer order until the motion to remand is decided. Although the plaintiffs are asking the JPML for the stay, the end result and reasoning are the same as if the defense had requested a stay. As the *Meyers* court held, the transferor court should decide the motion to remand prior to the case being transferred to the MDL.

The *Meyers* court found that before issuing a stay of proceedings, "[a] court should first give preliminary scrutiny to the merits of the motion to remand" and that, "[i]f this preliminary assessment suggests that removal was improper, the court should promptly complete its

consideration and remand the case to state court." *Id.* at 1049.[1] The case should not be transferred to the MDL if federal jurisdiction is lacking. The district court to which the case was removed should normally decide the motion to remand, even if a conditional transfer order has been entered by the JPML. *Id.* The case should be transferred prior to a determination on remand only if the jurisdictional issue is both difficult and similar or identical to those in cases transferred or likely to be transferred if the transferor court declines to hear the motion to remand. Plaintiffs are unaware of any motions to remand pending in any of the tag-along actions. Likewise, plaintiffs are unaware of any other state court actions on file. Thus, there are no "similar or identical" cases likely to be transferred to the MDL judge and there is no danger of inconsistent rulings on this issue.

In addition, judicial economy will be served by allowing this motion to be heard in district court now. The MDL Court set the first status hearing for April 14, 2015, almost two months after the February 20, 2015, hearing currently set in the New Mexico federal court. If the motion is not heard on February 20, it will be at least two months and perhaps many more before

---

[1] Many other courts have adopted the *Meyers* methodology. *See Illinois Municipal Retirement Fund v. Citigroup, Inc.*, 391 F.3d 844, 852 (7th Cir. 2004); *Board of Trustees v. Woldcom, Inc.,* 244 F.Supp.2d 900, 902-03 (N.D. Ill. 2002)*; Moton v. Bayer Corp.*, 2005 WL 1653731 at *2 (S.D. Ala. 2005); *Hotseller v. Pfizer, Inc.,* 2005 WL 756224 at *2 (S.D. Ind. 2005); *Wisconsin v. Abbott Laboratories,* 2004 WL 2055717 at *1 (W.D.Wis. 2004); *Brock v. Stolt-Nielsen, SA,* 2004 WL 1837934 at *2 (N.D. Cal. 2004); *Nekritz v.Canary Capital Partners, LLC*, 2004 WL 1462035 at 2 (D.N.J. 2004); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053-54 (N.D. Cal. 2004); *New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 443-44 (D.N.M. 2004). *See also, Farkas v. Bridgestone/Firestone, Inc.*, 113 F.Supp.2d 1107, 1115 n. 8 (W.D. Ky. 2000) (holding that "the jurisdictional issue must be resolved before deciding whether to stay or transfer the case to the MDL panel."); *Faulk v. Owens-Corning Fiberglass Corp.,* 48 F.Supp.2d 653, 657 n. 2 (E.D. Tex. 1999) ("Despite this conditional order of transfer … this Court has jurisdiction to determine Plaintiffs' Motion to Remand."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F.Supp.2d 1042, 1048 (D. Kan. 1999) ("If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended … [J]udicial economy dictates a present ruling on the remand issue."); *Lloyd v. Cabell Huntington Hosp., Inc.,* 58 F.Supp.2d 694, 696 (S.D.W. Va. 1999) ("This Court cannot, however, stay proceedings in an action over which it lacks jurisdiction."); *Reed v. Fina Oil & Chemical Co.*, 995 F.Supp. 705, 708 (E.D. Tex. 1998) ("[I]n the interest of judicial economy, the Motion to Remand and the issue of subject matter jurisdiction should be addressed before the §1404(a) Motion to Transfer. Deciding subject matter jurisdiction at this time will limit delays in pursuing the litigation."); *Stern v. Mut. Life Ins. Co. of N.Y.*, 968 F.Supp. 637 (N.D. Ala. 1997) ("It is incumbent upon a court whose subject matter jurisdiction is questioned to make a determination as to whether it has, or does not have, jurisdiction over the action.").

the transferee court is able to address the issue. And, it will spare the MDL court from needing to address this jurisdictional issue.

Finally, neither party will be prejudiced by staying the CTO and allowing the transferor court to decide this issue. Both parties will actually benefit by having this issue determined earlier in the litigation. In addition, plaintiffs will have their motion heard in their own federal court under Tenth Circuit law. *See* Mike Roberts,*Multidistrict Litigation and the Judicial Panel, and Tag-Along Transfer Orders Prior to a Determination of Remand: Procedural and Substantive Problem or Effective Judicial Public Policy?*, 23 Memphis St. U.L.Rev. 841, 843 (1993) (observing that a plaintiff may be "swiftly transferred from his state court to his home federal district and then whisked to an unknown, unpredictable United States district judge").

Wherefore, Plaintiffs oppose the CTO and request that the transfer of this case be stayed until their motion to remand is decided by the New Mexico federal district court. If the motion is denied, plaintiffs do not object to the transfer of this case to the MDL as a tag-along action.

Respectfully submitted,

/s/ electronically signed
Turner W. Branch
Margaret Moses Branch
Mary Lou Boelcke
**BRANCH LAW FIRM**
2025 Rio Grande Blvd., NW
Albuquerque, NM 87104
(505)243-3500
FAX: (505)243-3534

**ATTORNEYS FOR PLAINTIFF LISA MAES**

**C**ERTIFICATE OF **S**ERVICE

  I hereby certify that a copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure and Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation on the 13th day of February 2015, to the following:

           Respectfully submitted,

            _/s/ Electronically signed_
           Mary Lou Boelcke, Esq.